

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :

     Plaintiff,  :

    v.  :    Case No. 5:18·cv-1695

ELMER R. MARTIN,  :
GRACE Z. HURST,  :
STONEY CREEK ESTATES, LLC,  :

     Defendants.  :

FILED

APR 23 2018

JL

## COMPLAINT

Plaintiff, the United States of America, at the request of the Chief Counsel of the

Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the

direction of the Attorney General, brings this civil action to collect the federal income

tax assessments made against Elmer R. Martin and Grace Z. Hurst and the civil penalty

assessments made against Elmer R. Martin; to obtain a judicial determination that

Stoney Creek Estates, LLC is the nominee, alter ego, or transferee of Elmer R. Martin

and Grace Z. Hurst;  and to enforce the tax liens of the United States against two

properties (Parcel #42-18-05 and Parcel 42-18-05.4) located in Shirley Township,

Huntington, Pennsylvania ("the Real Property").

## JURISDICTION AND VENUE

1. Jurisdiction for this action is conferred on the Court by 28 U.S.C. §§ 1340 and

    1345 and by 26 U.S.C. §§ 7402 and 7403.



2.  Venue is proper in this district by virtue of 28 U.S.C. § 1396.

PARTIES

3.  Plaintiff is the United States of America.

4.  Defendant Elmer R. Martin is a resident of Leola, Pennsylvania, located in
    Lancaster County, which is within the jurisdiction of this Court.

5.  Defendant Grace Z. Hurst is a resident of Leola, Pennsylvania, located in
    Lancaster County, which is within the jurisdiction of this Court.

6.  Defendant Stoney Creek Estates, LLC is named as a defendant because it may
    claim an interest in the Real Property.  Stoney Creek Estates is a Pennsylvania
    limited liability company with a registered address that is the same as the
    defendants Elmer R. Martin and Grace Z. Hursts' personal residence.

COUNT I - REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT

7.  The United States incorporates by reference the allegations set forth in
    paragraphs 1 through 6 above.

8.  A delegate of the Secretary of Treasury of the United States made various
    assessments for unpaid federal income taxes against Defendants Elmer R. Martin
    and Grace Z. Hurst on the dates, and the amounts, and for the tax periods set
    forth below:

| Tax Period | Assessment Dates | Tax Assessed | Balance due as of December 31, 2017 |
|---|---|---|---|
| 2001 | 03/24/2008 | $  1,152,247 | $  1,521,074 |
| 2006 | 05/04/2009 | $     40,285 | $     59,474 |
|  | **TOTAL** |  | **$  1,580,548** |

9.  Proper and timely notice and demand for payment of the tax assessments described above were given to Defendants Elmer R. Martin and Grace Z. Hurst.

10. Statutory additions for interest and penalties have accrued and will continue to accrue on the unpaid balance of the tax assessments described in paragraph 8, above.

11. Defendants Elmer R. Martin and Grace Z. Hurst have failed to pay the United States the full amount owed as a result of the tax assessments described in paragraph 8, above.

12. By reason of the foregoing, Defendants Elmer R. Martin and Grace Z. Hurst are indebted to the United States for federal income tax and statutory additions to tax in the amount of $1,580,548 as of December 31, 2017, plus interest and costs that have accrued and will continue to accrue thereafter according to law.

COUNT II - REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT

13. The United States incorporates by reference the allegations set forth in paragraphs 1 through 12 above.

14. During the tax periods ending June 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013, and December 31, 2013 (the "tax periods at issue"), the Federal withholding and Federal Insurance Contribution Act ("FICA") taxes which were required to be withheld from the wages of the employees of

3

Birchcraft Kitchens, Inc. ("Birchcraft") were not collected, truthfully accounted for, or paid over to the United States.

15. Defendant Elmer R. Martin is the owner and president of Birchcraft Kitchens.

16. Defendant Elmer R. Martin was a person who was responsible for collecting, truthfully accounting for, and paying over to the United States the Federal withholding and FICA taxes that were withheld from Birchcraft during the tax periods at issue.

17. During the tax periods at issue, Defendant Elmer R. Martin knew or should have known that Birchcraft was not collecting, accounting for, or paying over the Federal withholding and FICA taxes that were withheld from the salaries of the employees of Birchcraft.

18. Defendant Elmer R. Martin's willful failure to collect, truthfully account for, and pay over the Federal withholding and FICA taxes that were withheld from the salaries of the employees of Birchcraft during the tax periods at issue rendered him liable for a penalty equal to the total amount of the taxes not collected, accounted for and paid over to the United States.

19. A delegate of the Secretary of the Treasury assessed against Defendant Elmer R. Martin penalties under 26 U.S.C. § 6672, representing the amounts that were equal to the federal employment taxes that were required to be withheld from the wages of the employees of Birchcraft and that were not collected, accounted for, and paid over when due, for the following tax periods in the amounts set forth below:

| Tax Period Ending | Assessment Dates | Assessed Amount | Balance due as of December 31, 2017 |
|---|---|---|---|
| 06/30/2010 | 04/02/02 | $    34,899 | $         37 |
| 12/31/2010 | 04/02/2012 | $    49,393 | $    49,834 |
| 03/31/2011 | 04/02/2012 | $    28,850 | $    34,822 |
| 06/30/2011 | 04/02/2012 | $    32,846 | $    39,714 |
| 09/30/2011 | 05/18/2015 | $    37,800 | $    41,659 |
| 12/31/2011 | 05/18/2015 | $    31, 289 | $    34,447 |
| 03/31/2012 | 05/18/2015 | $    38,019 | $    41,867 |
| 06/30/2012 | 01/09/2017 | $    42,978 | $    44,757 |
| 09/30/2012 | 05/18/2015 | $    34,603 | $    38,096 |
| 12/31/2012 | 05/18/2015 | $    36,239 | $    39,897 |
| 03/31/2013 | 05/18/2015 | $    28,781 | $    31,686 |
| 06/30/2013 | 05/18/2015 | $    61,860 | $    68,104 |
| 09/30/2013 | 05/18/2015 | $    50,646 | $    55,758 |
| 12/31/2013 | 01/09/2017 | $    58,669 | $    61,003 |
| **TOTAL** | | | **$   581,681** |

20. The aforementioned assessments were made correctly in accordance with the law.

21. Proper and timely notices and demands for payments of the assessments referred to in paragraph 19, above, were given to Elmer R. Martin.

22. As of December 31, 2017, the unpaid balance of the assessments described in paragraph 19, above, together with accrued penalties, interest and costs, totaled $581,681.

23. Statutory additions for interest and penalties have accrued and will continue to accrue thereafter on the unpaid balance of the tax assessments described in paragraph 19, above.

## COUNT III - FORECLOSURE OF THE FEDERAL TAX LIENS AGAINST THE REAL PROPERTY KNOWN AS PARCEL NOS. 42-18-05 AND 42-18-05.4

24. The United States incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

25. By deed dated December 20, 2002, Defendants Elmer R. Martin and Grace Z. Hurst ("the Taxpayers"), conveyed the real property known as Parcel No. 42-18-05 in Shirley Township, Pennsylvania to Stony Creek Holdings Trust for inadequate consideration.  The property known as Parcel No. 42-18-05 in Shirley Township is more particularly in the true and correct copy of the deed attached to this complaint as Exhibit 1.

26.  By deed dated April 28, 2005, Defendants Elmer R. Martin and Grace Z. Hurst ("the Taxpayers"), conveyed the real property known as Parcel No. 42-18-05.4 in Shirley Township, Pennsylvania to Stony Creek Holdings Trust for inadequate consideration.  The property known as Parcel No. 42-18-05.4 in Shirley Township is more particularly in the true and correct copy of the deed attached to this complaint as Exhibit 2.

27. On or about June 30, 2005, the Stoney Creek Holdings Trust transferred Parcel Nos. 42-18-05 and 42-18-05.4, described in paragraphs 25 and 26 above, to Stoney Creek Estates, LLC for inadequate consideration.

28. Defendant Stoney Creek Estates, LLC acquired its interest and continues to hold its interest in the Real Property as a nominee, transferee, or alter ego of the Taxpayers for the purpose of assisting the Taxpayers in evading the collection of their Federal tax liabilities.

29. Despite the purported transfer of the Real Property to Stoney Creek Estates, LLC, the Taxpayers retained possession of the Real Property and continue to maintain the Real Property.

30.  Because Defendant Stoney Creek Estates, LLC acquired bare legal title to the Real Property solely as the nominee, transferee, or alter ego of the Taxpayers, the Taxpayers are the true and beneficial owners of the Real Property.

31. By reason of the tax assessments described in paragraphs 8 and 19 above, tax liens in favor of the plaintiff, the United States of America, arose as of the dates of the assessments pursuant to IRC §§ 6321 and 6322 in the amounts of the assessments, plus all statutory additions to tax accruing thereon under law.  The federal tax liens attached to all property and rights to property then owned or thereafter acquired by the Taxpayers, including the Real Property belonging to the Taxpayers that is currently titled in the name of their nominee, transferee, or alter ego, Stoney Creek Estates.

32. Notices of the federal tax liens for assessments described in paragraphs 8 and 19 above, were filed on August 1, 2008, June 8, 2009, August 2, 2013, August 6, 2015, March 28, 2017, and March 14, 2018 with the Prothonotary of Lancaster County in Lancaster, Pennsylvania. Notices of the federal tax liens for the assessments described in paragraphs 8 above, were also filed on August 11, 2008, June 1, 2009, and March 14, 2018 with the Prothonotary of Huntingdon County in Huntingdon, Pennsylvania.

33. Notices of the federal tax liens for assessments described in paragraphs 8 above, were recorded against Defendant Stoney Creek Estates as nominee of the Taxpayer on or about June 3, 2009 and March 12, 2018 with the Prothonotary of Huntingdon County in Huntingdon, Pennsylvania.

34. The United States has valid and subsisting tax liens against all property and rights to property of the Taxpayers by virtue of the assessments described in paragraphs 8 and 19 which attached to all property and rights to property then belonging to the Taxpayers or thereafter acquired including the Real Property.

35. The United States' tax liens should be foreclosed against the Real Property, and the Court should determine the interests of the United States and each of the Defendants, order a sale of the Real Property, and order that the proceeds be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the Taxpayers' interests to be paid to the United States and applied against their federal tax liabilities.

WHEREFORE, the United States of America respectfully prays for judgment as follows:

(a)    As to Count I, that the Court grant judgment in favor of the United States and against Elmer R. Martin and Grace Z. Hurst in the amount of $1,580,548 as of December 31, 2017, together with all interest and penalties that will continue to accrue thereafter according to law;

(b) As to Count II, that the Court grant judgment in favor of the United States and against Elmer R. Martin in the amount of $581,681 as of December 31, 2017, together with all interest and penalties that will continue to accrue thereafter according to law;

(c) As to Count III, that the Court adjudge and decree that Stoney Creek Estates, LLC is the nominee, transferee, or alter ego of the Taxpayers Elmer R. Martin and Grace Z. Hurst; that the federal tax liens that encumber the Real Property be foreclosed; that the Real Property be sold; and the proceeds be distributed in accordance with the rights of the parties to be determined herein with the amounts attributable to the Taxpayers' interest to be paid to the United States in partial satisfaction of their unpaid income tax liabilities for the years 2001 and 2006 and to Elmer R. Martin's unpaid civil penalty assessments for the periods ending in June 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013, and December 31, 2013; and

9

(d)   That the Court grant the United States such other relief as it deems just and proper.

Dated: April 20, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Tel: (202) 307-6585
Fax: (202) 514-6866
Beatriz.T.Saiz @usdoj.gov

10

BK 642 PG 0961

*E* ENTERED
HUNTINGDON COUNTY
PENNSYLVANIA
*H. Charles Bemer*

JAN 6  1 40 PM '03
29⁵⁰ / 168.47
JANET E. HANKS 168.48
RECORDER OF DEEDS

Not Searched- Not certified

# *DEED*

Made the **20th** day of **December**, in the year **Two Thousand and Two (2002)**.

BETWEEN **ELMER R. MARTIN**, and **GRACE Z. HURST**, husband and wife, of the
County of Lancaster, and Commonwealth of Pennsylvania,

(Hereinafter called Grantors)

A
  N
    D

**THE STONY CREEK HOLDINGS TRUST, Professional Fiduciaries, L.L.C., TRUSTEE,**
Created by a Declaration of Trust dated the 21st day of May, 1998, of Lancaster County,
Pennsylvania,

(Hereinafter called Grantee)

**WITNESSETH**, That in consideration of **ONE and 00/100  DOLLAR ($1.00)** in hand paid,
the receipt whereof is hereby acknowledged, the said grantors do hereby grant and convey to the
said grantee in trust, its successors and assigns, for the benefit of the Grantors/Beneficiaries for
which Ownership by Beneficiaries for this part of the THE STONY CREEK HOLDINGS
TRUST is defined as follows:

Fifty percent (50%) by Elmer R. Martin and
Fifty percent (50%) by Grace Z. Hurst



GOVERNMENT
EXHIBIT

1

PENGAD 800-631-6989

**ALL THAT CERTAIN** piece, parcel, tract and lot of land lying and being in situate in Shirley Township, Huntingdon County, Pennsylvania, described as follows:

**BEGINNING** at an oak tree at corner common with land now or formerly of Lewis D. Brown and Verna Kay Brown, land now or formerly of Dale G. Shope and land now or formerly of Camp Ring-A-Ding-Ding, thence along line common with Browns North 45 degrees 32 minutes 58 seconds East 2800.87 feet to an iron pin set in a stone pile on line common with land now or formerly of the Mary Edna Shope Living Trust (Tract 1); thence along line common with the Shope Trust South 44 degrees 32 minutes 00 seconds East 1332.96 feet to a point; thence further along line common with the Shope Trust North 47 degrees 31 minutes 07 seconds East 557.33 feet to an iron pipe at corner common with land now or formerly of Jerry L. Goshorn and Marian K. Goshorn; thence along line common with Goshorn North 47 degrees 31 minutes 07 seconds East 2618.18 feet to an iron pipe on line common with land now or formerly of Jonathan C. Saxe and Bambi B. Saxe, et al; thence along the line common with Saxe, et al., South 27 degrees 29 minutes 21 seconds East 1707.48 feet to a keystone set in a stone pile at corner common with land now or formerly of Gary V. Wertman and Lynn M. Wertman; thence South 45 degrees 25 minutes 36 seconds West 5470.45 feet to an iron pin at corner common with land now or formerly of Dale G. Shope; thence along line common with Dale G. Shope North 44 degrees 35 minutes 48 seconds West 3087.02 feet to an oak tree, the place of **BEGINNING**

**CONTAINING** 311.93 acres and being referred to as the third and fourth tracts of the Mary Edna Shope Living Trust property in a draft of survey prepared by Gary L. Young, R.S., dated April 25, 1996.

**BEING THE SAME** Premises which P & C Investments, a Pennsylvania Partnership, by their deed dated and recorded June 25, 1999 in the Recorder of Deeds Office in and for Huntingdon County, to record Book 507, Page 337, granted and conveyed to Elmer R. Martin and Grace Z. Hurst, husband and wife, as tenants by the entireties, their heirs and assigns.

**THIS PARCEL** tax map number is **42-18-05**.

**UNDER AND SUBJECT** toeasements for State and Township highways as they may touch or concern of the land described above.

**UNDER AND SUBJECT TO** such easements for the installation and maintenance of pipelines as recorded in the following documents in the Recorder of Deeds Office in the Office of Huntingdon County, Pennsylvania; Miscellaneous . Book 17, Page 73, Miscellaneous Book 120, Page 265, Miscellaneous Book 38, Page 99, Miscellaneous Book 57, Page 539; Miscellaneous Book 38, Page 174;  Miscellaneous Book 91, Page 705 and Miscellaneous Book 87, Page 306; and Miscellaneous Book 45, Page 422.

**TO** the best information and belief of the grantors herein said premises have never been used nor are they at present being used for the disposal of any hazardous wastes.

**TOGETHER** with all and singular the tenements, hereditaments and appurtances, to the same belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; **AND ALSO** all the estate, right, title, interest, property, claim and demand whatsoever both in law and equity, of the said parties of the first part, of in, to or out of the said premises, and every part and parcel thereof.

**TO HAVE AND TO HOLD** the same premises, with all and singular the appurtenances, unto the said parties of the second part, their heirs and assigns, to and for the only proper use and behoof of said parties of the second part their heirs and assigns forever.

**AND** the said parties of the first part, its heirs, executors and administrators, do by these presents, covenant, grant and agree to and with the said parties of the second part, their heirs and assigns, that they the said grantors, its heirs, all the singular the hereintaments and premises herein above described and granted, or mentioned and intended so to be, with the appurtenances, unto the said parties of the second part, their heirs and asigns, against the said parties of the first part and its heirs, and against all and every other person or persons, whomsoever, lawfully claiming or to claim the same or any part thereof, shall and will, by theses presents, **WARRANT AND SHALL FOREVER DEFEND.**

**AND** the said Grantors do hereby specially warrant the property hereby conveyed.

**IN WITNESS WHEREOF,** said grantors have hereunto set their hands and seals the day and year first above written.

_____(SEAL)
Elmer R. Martin

_____(SEAL)
Grace Z. Hurst

```
DEED                              13.00
DEED - WRIT                         .50
DEED - RTT STATE                 168.47
MOUNT UNION AREA                  84.24
SHIRLEY TOWNSHIP                   84.24
JCS/AJF                           10.00
CO RECORDS IMP FND                 2.00
RECORDERS FUND                     3.00
EXTRA PAGES                        1.00
Check# 7546                       29.50
Check# 7544                      168.47
Check# 7545                      168.48
Total Received.........          366.45
```

```
Rerecorded
Inst#2003-000117
Book# 0642  Page# 0961
1/06/2003  09:03:47
STONY CREEK HOLDINGS TRUST
BY H CHARLES BENNER
Huntingdon County Recorder of Deeds
Instrument Filing
# CORRECTED #
Receipt#  8396
```

COMMONWEALTH OF PENNSYLVANIA)
                           ) SS
COUNTY OF LANCASTER         )

ON THIS, the **20th** day of **December,** 2002, before me, the undersigned officer, personally appeared **ELMER R. MARTIN** and **GRACE Z. HURST**, husband and wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                                  Notary Public

> NOTARIAL SEAL
> REBECCA MAXINE BENNER, Notary Public
> Upper Leacock Twp., Lancaster County
> My Commission Expires January 13, 2006

I certify that the precise address of the grantee herein is
940 Log Cabin Road
Leola, PA 17540

H. Charles Benner, Attorney
200 East Main Street
Leola, Pennsylvania 17540

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of HUNTINGDON COUNTY, PENNSYLVANIA

Janet E. Hanks
Recorder of Deeds

Huntingdon County Recorder of Deeds
Instrument Filing

Receipt#   8394

Instr# 2003-000117   1/06/2003   14:34:56
       Book# 0642  Page# 0961
Remarks:  STONY CREEK HOLDINGS TRUST
          BY H CHARLES BENNER

| | |
|---|---:|
| DEED | 13.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | 168.47 |
| MOUNT UNION AREA | 84.24 |
| SHIRLEY TOWNSHIP | 84.23 |
| JCS/AJF | 10.00 |
| CO RECORDS IMP FND | 2.00 |
| RECORDERS FUND | 3.00 |
| EXTRA PAGES | 1.00 |
| Check# 7546 | $29.50 |
| Check# 7544 | $168.47 |
| Check# 7545 | $168.47 |
| Total Received....... | $366.44 |

VOID

JAN 0 6 2003

Recorded
Janet E. Hanks, Recorder of Deeds

/ at

ENTERED
HUNTINGDON COUNTY
PENNSYLVANIA
H. Charles Benner
JUN 30   11 09 AM '05
2350
JANET E. HANKS
RECORDER OF DEEDS

**PREPARED BY** H. Charles Benner, Esq.
**RETURN TO** H. Charles Benner, Esq.
200 East Main Street
Leola, PA 17540
717-656-4201
**PARCEL ID #** **42-18-05.4.**

**DEED OF CORRECTION**
Not Searched- Not certified

# *DEED*

0042235

Made the __28th__ day of **April**, in the year **Two Thousand and Five (2005).**

BETWEEN **ELMER R. MARTIN**, and **GRACE Z. HURST,** husband and wife, of the County
of Lancaster, and Commonwealth of Pennsylvania,

(Hereinafter called Grantors)

A
N
D

**THE STONY CREEK HOLDINGS TRUST, Professional Fiduciaries, L.L.C., TRUSTEE,**
Created by a Declaration of Trust dated the 21st day of May, 1998, of Lancaster County,
Pennsylvania,

(Hereinafter called Grantee)

**WITNESSETH,** That in consideration of **ONE and 00/100   DOLLAR  ($1.00)** in hand paid,
the receipt whereof is hereby acknowledged, the said grantors  do hereby grant and convey to the
said grantee in trust, its successors and assigns, for the benefit of the Grantors/Beneficiaries for
which Ownership by Beneficiaries for this part of the THE STONY CREEK HOLDINGS
TRUST is defined as follows:

Fifty percent (50%) by Elmer R. Martin and
Fifty percent (50%) by Grace Z. Hurst

**ALL THAT CERTAIN** piece, parcel or tract of land situate in Shirley Township, Huntingdon ·
County,  Pennsylvania, described as follows:

GOVERNMENT
EXHIBIT
2
PENGAD 800-631-6989

BEGINNING at a point at corner Common with land now or formerly of Jerry L. Goshorn and Marian K. Goshorn on the edge of the right of way of State Route 2017, thence along the edge of the right of way and along line common with land of Goshorns South 44 degrees 52 minutes 06 seconds West 299.59 feet to an iron pin at corner common with land now or formerly of Goshorns; thence further along line common with Goshorns South 38 degrees 46 minutes 56 seconds East 2297.23 feet to an iron pipe; thence further along line common with Goshorns South 42 degrees 17 minutes 58 seconds West 686.31 feet to an iron pipe; thence South 27 degrees 30 minutes 00 seconds East 1474.84 feet to an   iron pipe on line common with other land now or formerly of the Shope Trust (being designated as the 3rd and 4th tracts); thence South 47 degrees 31 minutes 07 seconds West 557.33 feet to a point; thence North 44 degrees 32 minutes 00 seconds West 1332.96 feet to an iron pin in a stone pile a   corner common with other land now or formerly of the Shope Trust and land now or formerly of Lewis D. Brown and Verna Kay Brown; thence North 44 degrees 32 minutes 00 seconds West 3853.00 feet to a post at corner common with land now or formerly of Oliver F. Schuler and Emilie A. Schuler and land now or formerly of Robert L. Morgan and Chris L. Morgan; thence North 43 degrees 26 minutes 38 seconds East 475.87 feet to an iron pin in a stone pile; thence North 45 degrees 09 minutes 49 seconds East 1617.05 feet to an iron pin in stones at corner common with land now or formerly of Daniel A. Geckle; thence along line common with land now or formerly of Daniel A. Geckle and land now or formerly of Wesley A. Flasher and Donna J. Flasher South 48 degrees 47 minutes 50 seconds East 1498.55 feet to a point, being the place of beginning. Containing 193.45 acres according to a survey by Gary L. Young, R.P.L.S., dated April 25, 1996.

BEING THE SAME Premises which Dale G. Shope and Willard R. Shope, Trustees of the Mary Edna Shope Revocable Trust, by their deed dated and recorded April 9, 1998 in the Recorder of Deeds Office in and for Huntingdon County, to record Book 465, Page 004, granted and conveyed to Elmer R. Martin and Grace Z. Hurst, husband and wife, as tenants by the entireties, their heirs and assigns.

AND ALSO BEING the same premises which Elmer R. Martin and Grace Z. Hurst, husband and wife by their deed dated December 20, 2002 and recorded January 6, 2003 in the Recorder of Deeds Office in and for Huntingdon County, to Book 642, Page 0966, granted and conveyed to The Stony Creek Holdings Trust, Professional Fiduciaries, L.L.C., Trustee.

THIS IS A Deed of Correction for the purpose of adding an entire page of the deed that was omitted from recording on the deed from Elmer R. Martin and Grace Z. Hurst, husband and wife to The Stony Creek Holdings Trust, Professional Fiduciaries, L.L.C., Trustee, dated December 20, 2002 and recorded January 6, 2003 in the Recorder of Deeds Office in and for Huntingdon County, to Book 642, Page 0966.

THIS PARCEL tax map number is 42-18-05.4

UNDER AND SUBJECT to the rights of the Commonwealth in the right of way for State Route 2017.

UNDER AND SUBJECT TO easements for the installation and maintenance of pipelines as

apparent upon the land and as recorded to the following: Buckeye Pipe Line Co., dated April 14, 1908, recorded in Misc. Book 17, Page 73, as amended in Misc. Book 120, Page 265 for installation and maintenance of a fiber optic communications system within the pipe line right of way; to Socony Vacuum Oil Co., Inc., dated February 2, 1946, recorded in Misc. Book 38 Page 99, assigned to Magnolia Pipe Line Co., in Misc. Book 57 Page 539; to Socony Vacuum Oil Co.,Inc., recorded in Misc. Book 38, Page 174; to Arco Pipe Line Co. And Mobile Pipe Line Co. And Laurel Pipe Line Co., along with the right to install electronic and cathodic protection devices, Misc. Book 91, Page 705 and Misc. Book 87 Page 306; to Texas Eastern Penn-Jersey Transmission Corp dated March 16, 1954, recorded in Misc Book 45, page 422.

**UNDER AND SUBJECT TO** the right of Helsel Lumber Mill, Inc., to remove the timber standing with a 12 inch DBH on that portion of the land which lies on the north side of State Route 2017, along with a temporary easement given to Helsel Lumber Mill, Inc., to cross an existing roadway which runs from State Route 2017 to that timber. And the Grantees do further accept this conveyance subject to the right of Helsel Lumber Mill, Inc., to claim a temporary easement from State Route 2017 across the land which lies on the south side of the highway for access to and removal of timber from the land it is purchasing from the Mary Edna Shope Revocable trust designated as the third and fourth tracts in the plan of survey by Gary L. Young, all as provided in an Agreement for Sale of Real Estate between Dale G. Shope and Willard R. Shope, trustees of the Mary Edna Shope Revocable Trust, and Helsel Lumber Mill, Inc., with amendment thereto, dated March 4, 1998.

**THE GRANTORS** herein state that the above-described property is not presently being used for the disposal of hazardous waste, nor to the best of their knowledge, information and belief has it ever been used for the disposal of hazardous waste. This statement is made in compliance with the Solid Waste Management Act No. 1980-97, Section 405. 35 P.S. 6018.405.

**TOGETHER** with all and singular the buildings and improvements, if any, ways, streets, alleys, driveways, passages, waters, water courses, rights, liberties, privileges, hereditaments and appurtances, whatsoever, unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all of the estate, right, title, interest, property, claim and demand whatsoever of the Grantors, as well at law as in equity, of, in and to the same.

**TO HAVE AND TO HOLD** the same lot or piece of ground above described, with the buildings and improvements thereon erected, if any, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances unto the Grantees, their heirs and assigns, to and for the only proper use and behoof of the Grantees, their heirs and assigns, forever.

**AND** the said Grantors do hereby specially warrant the property hereby conveyed.

**IN WITNESS WHEREOF,** said grantors have hereunto set their hands and seals the day and year first above written.

_____ (SEAL)
Elmer R. Martin

_____ (SEAL)
Grace Z. Hurst


COMMONWEALTH OF PENNSYLVANIA)
                                                    ) SS
COUNTY OF LANCASTER                  )

ON THIS, the 28th day of **April, 2005,** before me, the undersigned officer, personally appeared **ELMER R. MARTIN ,** known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

```
NOTARIAL SEAL
REBECCA MAXINE BENNER, Notary Public
Upper Leacock Twp., Lancaster County
My Commission Expires January 13, 2008
```

Notary Public


COMMONWEALTH OF PENNSYLVANIA)
                                                    ) SS
COUNTY OF LANCASTER                  )

ON THIS, the 28th day of **April, 2005,** before me, the undersigned officer, personally appeared **GRACE Z. HURST, ,** known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

```
NOTARIAL SEAL
REBECCA MAXINE BENNER, Notary Public
Upper Leacock Twp., Lancaster County
My Commission Expires January 13, 2008
```

Notary Public

BK  763PG0162

I certify that the precise address of the grantee herein is
940 Log Cabin Road
Leola, PA 17540

_____
H. Charles Benner, Attorney

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of HUNTINGDON COUNTY, PENNSYLVANIA

Janet E. Hanks
Recorder of Deeds

                              JUN 3 0 2005
Recorded_____
Janet E. Hanks, Recorder of Deeds

JS 44  (Rev. 06/17)

5:18-cv. 1695

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Beatriz T. Saiz, Department of Justice, Tax Division
P.O. Box 227, Washington, DC 20044 (202) 307-6585

## DEFENDANTS

Elmer R. Martin, Grace Z. Hurst, Stoney Creek Estates LLC

County of Residence of First Listed Defendant    Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
   Plaintiff

☐ 2  U.S. Government
   Defendant

☐ 3  Federal Question
   *(U.S. Government Not a Party)*

☐ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☒ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
26 U.S.C. §§ 7402, 7403

Brief description of cause:
reduce tax assessments to judgment and foreclose on tax liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $    2,162,243

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/20/2018

SIGNATURE OF ATTORNEY OF RECORD

APR 23 2018

### FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___P.O. Box 227, Washington, DC 20044___

Address of Defendant: ___940 Log Cabin Road Leola, PA 17540___

Place of Accident, Incident or Transaction: ___Leola, PA 17540___

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ___Taxes___

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ___Beatriz T. Saiz___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: ___4/20/2018___   _____   _____
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___4/20/2018___   _____   _____
                          Attorney-at-Law              Attorney I.D.#

APR 23 2018

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

United States of America      :          CIVIL ACTION

              v.

Elmer R. Martin, et al.      :     NO. 5:18-CV-1695

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

4/20/2018                                              United States of America

**Date**                **Attorney-at-law**                **Attorney for**
    (202) 307-6585              (202) 514-6866              Beatriz.T.Saiz@usdoj.gov

**Telephone**              **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

APR 23 2018

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)       The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)       In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)       The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)       Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)       Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.